UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-43114

DAVID ELLIOTT,  Chapter 13
and
KRISTINE ELLIOTT,  Judge Thomas J. Tucker

          Debtors.
_____/

# ORDER DENYING, WITHOUT PREJUDICE, MOTION TO EXCUSE REQUIREMENT REGARDING DOMESTIC SUPPORT OBLIGATIONS FOR DECEASED DEBTOR

      This case is before the Court on the motion filed on June 15, 2023, entitled "Debtors' Motion to Waive the Requirement for David Elliott to File a Certification Regarding Domestic Support Obligations" (Docket # 60, the "Motion"). The Motion seeks "an [o]rder [w]aiving the requirement for David Elliott to file a Certificate of Domestic Support Obligation." (*Id.*) The Motion states that the "Joint Debtor's husband passed away on November 11, 2021." (*Id.* at 1 ¶ 2.)

      The Motion must be denied, because it was not filed by or on behalf of anyone with standing to seek the relief sought. The Debtor David Elliott is deceased and the Motion does not show that the Debtor Kristine Elliott or her attorney have standing or authority to file a motion on behalf of the deceased Debtor.

      Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, David Elliott. *See In re Beach*, No. 20-47886, 2022 WL 1446748 (Bankr. E.D. Mich. May 6, 2022); *In re Pack*, 634 B.R. 738, 739 (Bankr. E.D. Mich. 2021); *In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

      The Motion does not allege or demonstrate that Kristine Elliott is the personal representative of the deceased Debtor David Elliott.

For these reasons,

IT IS ORDERED that the Motion (Docket # 60) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on June 16, 2023**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**